# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, | No. 4:17-CV-00289 |
| | (Judge Brann) |
| Plaintiff, | |
| v. | |
| PERMANENT EASEMENT FOR *2.59 Acres*, *Temporary Easements for 5.45 Acres and Temporary Access Easement for 2.12 Acres in Pine Grove Township, Schuylkill County, PA, Tax Parcel Number 21-04-0016.000, 361 Chapel Drive, Pine Grove, Pine Grove Township, Schuylkill County, PA,* RYAN J. REGEC, FULTON BANK, N.A. and ALL UNKNOWN OWNERS, | |
| Defendants. | |

## MEMORANDUM OPINION

### OCTOBER 31, 2019

## I.    BACKGROUND

This dispute approaches trial.[1]  The parties have each moved *in limine* to exclude evidence and testimony.  Defendant Ryan J. Regec ("Regec") seeks to exclude evidence and testimony on:[2]

---

[1]    The Court assumes that the parties are familiar with the facts underlying this action.

[2]    *See* ECF Nos. 251, 268.  Regec submitted an amendment to his motions *in limine* on October 28, 2019.  *See* ECF No. 278.  The Court did not consider this as it came over a month after the Court's deadline for submissions of motions *in limine*.

a) Whether the taking that Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") performed caused Regec harm.[3]

b) The "character for truthfulness and honesty" of Regec and other people and companies.

c) "Opinion testimony by lay witnesses consisting of legal conclusions."

d) "Allegations or legal theories not pursued by [Regec] at trial."

e) The "personal opinions" of Transco's counsel. (Regec made this motion twice. The second time, he styled it a "motion to bar [Transco's] counsel from making certain irrelevant and prejudicial comments.")

f) Testimony from three of Transco's "purported expert witnesses."

Transco seeks to exclude evidence and testimony on:

a) An August 30, 2016 property appraisal report by Mark Abissi that Regec commissioned.[4]

b) Regec's "commercial affidavit" and other documents the Court already struck.[5]

c) Documents about the blast radius of a pipeline.[6]

d) Certain documents relating to a right-of-way through Regec's property.[7]

e) Regec's "property sketch plan," and other property development documents, as well as Regec's testimony about his plans to develop his property.

---

[3]  Regec also calls this "causation."

[4]  ECF No. 252.

[5]  ECF No. 254.

[6]  ECF No. 256.

[7]  ECF No. 258.

This opinion decides the above motions. I grant Transco's motions. I deny some of Regec's motions as untimely, moot, or misplaced. And I deny the other Regec motions as too broad. Regec is free to reassert the overbroad motions with more specificity at trial if need be.

Also, over a month after the Court's deadline for submitting a pre-trial memorandum and accompanying list of exhibits, Regec submitted an "amended pre-trial memorandum" with five exhibits that were not on his initial list of exhibits.[8] Because Regec made his submission well after the Court's deadline for submitting motions *in limine*, Transco has not been able to make a formal challenge to these five new exhibits. The Court has reviewed these five exhibits and finds that they are not admissible because they either are not relevant or are barred by the Federal Rule of Evidence restricting settlement negotiations from entry into evidence.

## II. LEGAL STANDARDS

Motions *in limine* are threshold motions, those through which courts will typically deny and defer a ruling until the time of trial (outside of the presence of the jury), unless the evidence is clearly inadmissible prior to trial. Determinations on motions *in limine* are preliminary rulings, those which the Court may adjust after the evidence has been developed at trial. Although neither the Federal Rules

---

[8] *See* ECF No. 278.

of Evidence nor the Federal Rules of Civil Procedure expressly acknowledge motions *in limine* or provide for their use, "the practice has developed pursuant to the district court's inherent authority to manage the course of trials."[9]

A district court may deny a motion *in limine* "when it lacks the necessary specificity with respect to the evidence to be excluded."[10]  In turn, evidentiary "rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context."[11]

## III.  ANALYSIS

### A.    Transco's Motions *in Limine*[12]

#### 1.    Abissi's Property Appraisal Report

Regec indicated in his deposition that he plans to introduce an August 30, 2016 property appraisal report by Mark Abissi that Regec commissioned.[13]  But

---

9    *Luce v. United States*, 469 U.S. 38, 41 n.4 (1985).

10   *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

11   *Crestwood Membranes, Inc. v. Constant Servs., Inc.*, No. 3:15-CV-537, 2018 WL 493282, at *1 (M.D. Pa. Jan. 19, 2018).

12   Regec marshals three broad arguments in opposing Transco's five motions *in limine*. *See* ECF No. 268.  First, citing Ohio state evidentiary law, he argues that the motions are procedurally improper.  The Court disagrees: as I explain below, the Federal Rules of Evidence and reliant case law establish the motions' propriety.  Second, he argues the motions aren't ripe and "this Court has no facts upon which to base a decision."  The Court disagrees: the exhibits that Transco has submitted provide an able factual firmament.  Third, he argues that the motions represent an "abuse of process" that "attempt[] to keep relevant evidence from the finder of fact in violation of due process of law.  The Court disagrees: this reasoning is dissonant with the purposes of motions *in limine*, which I discuss above in my outlining of the relevant legal standard.

13   ECF No. 270-2 at 123:17-124:1.

Regec won't be calling Abissi as an expert at trial, and he did not submit a pre-trial memorandum identifying witnesses he plans to call at trial.[14] This makes the Abissi report hearsay under Federal Rule of Evidence 801(c), because (1) the report is an out-of-court statement, and (2) given the sole issue at trial, Regec could only offer the report into evidence to prove the truth of the matters it asserts—the value of Regec's land before and after Transco's taking. *See Lower Makefield Twp. v. Lands of Dalgewicz*, 4 A.3d 1114, 1121-22 (Pa. Commw. Ct. 2010) ("Traditionally, an expert report constitutes inadmissible hearsay unless the expert who prepared the report is available for cross-examination regarding the accuracy and reliability of his opinion.").[15] The Court grants this motion *in limine*.

### 2. "Commercial Affidavit" and Other Struck Documents

On May 8, 2019 and July 12, 2019, the Court struck a series of Regec's filings. These filings included a purported "commercial affidavit" and its progeny. I struck them because, following my reasoning of January 28, 2019, these documents had no "purpose or relevance . . . as they relate to resolving [the]

---

[14] ECF No. 253-1 at 123:23-125:14.

[15] S*ee also Hayduk v. City of Johnstown*, No. CIV.A. 3:2005-294, 2009 WL 3335351, at *1 (W.D. Pa. June 4, 2009) (court acknowledging plaintiff's acknowledgement that expert report was not admissible because the expert wouldn't be called as a witness); *Edwards v. Wyatt*, No. CIV.A.01-1333, 2004 WL 1576649, at *14 (E.D. Pa. July 14, 2004), *rev'd on other grounds*, No. 04-3325, 2005 WL 1349531 (3d Cir. June 8, 2005) (information in reports was "inadmissible as hearsay" because party "failed to provide any witness at trial who could corroborate the [reports'] figures or be available for cross-examination regarding [their content]"); *Denbury Onshore, LLC v. Christensen*, No. 14-CV-19-ABJ, 2015 WL 11023559, at *5 (D. Wyo. May 11, 2015) (as appraiser "has not been listed as a witness," appraisal report, "if offered on its own, is inadmissible under Rule 801(c)").

outstanding issue" of "the amount of compensation Transco owes Mr. Regec for the taking of an easement across his property."[16]

Transco now wants to preclude Regec from introducing these documents again at trial. These documents are not relevant to the narrow remaining issue of just compensation. They might provide some evidence of the subjective value of Regec's property in his mind.[17] But fair market value, which governs just compensation, is an objective metric—so Regec's subjective valuation isn't relevant.[18] The Court grants this motion *in limine*.[19]

### 3. Documents about the Blast Radius

The Court grants this motion for the same reasons that it is granting Transco's motion to exclude the Abissi Report. Transco is moving to exclude documents that Regec found on the Internet that describe hypothetical pipeline blasts and ensuing blast radiuses.[20]

These documents present another out-of-court statement. And, given the sole issue remaining at trial, Regec could only seek to offer these documents into evidence as truth of the matters asserted therein. Here, Regec would, presumably,

---

[16]   *See* ECF Nos. 199, 217, 241.

[17]   *See* ECF No. 255-1 Ex. B at 259:1-261:8.

[18]   *See Adelphia Cablevision Assocs. of Radnor, L.P. v. Univ. City Hous. Co.*, 755 A.2d 703, 713-14 (Pa. Super. Ct. 2000).

[19]   *See In re DeFacto Condemnation & Taking of Lands of WBF Assocs., L.P.*, 972 A.2d 576, 587 (Pa. Commw. Ct. 2009) (affirming trial court's decision to exclude evidence in just compensation trial as "irrelevant for purposes of valuing the Property at issue")

[20]   ECF No. 257-1 Ex. B at 274:6-275:3; ECF No. 257-1 Ex. A.

be using these documents to establish some facts about a change in his property's fair market value. Again, Regec admitted during his deposition that he will not call any expert witnesses to testify at trial. The Abissi Report reasoning then holds; these blast radius documents are also inadmissible hearsay. The Court grants this motion *in limine*.[21]

### 4. Certain Right-of-Way Documents

Regec intends to rely at trial on three documents: (1) the "Right of Way Agreement for Gas Pipeline"; (2) the "Additional Temporary Workspace Agreement / Additional Temporary Workspace for Access Road"; and (3) the "Temporary Road Use Access Agreement." Transco seeks to exclude these "Right-of-Way Documents" from trial. The Court will do so.

In his cover letters to Transco concerning each Right-of-Way Document, Regec stated that he had "received [Transco's] request," was "unable to accept the option as presented," but was enclosing the given Right-of-Way Document as "an acceptable and equitable option" to satisfy the "Agreement." Regec also stated

---

[21] *See Hayduk v. City of Johnstown*, No. CIV.A. 3:2005-294, 2009 WL 3335351, at *1 (W.D. Pa. June 4, 2009) (court acknowledging plaintiff's acknowledgement that expert report was not admissible because the expert wouldn't be called as a witness); *Edwards v. Wyatt*, No. CIV.A.01-1333, 2004 WL 1576649, at *14 (E.D. Pa. July 14, 2004), *rev'd on other grounds*, No. 04-3325, 2005 WL 1349531 (3d Cir. June 8, 2005) (information in reports was "inadmissible as hearsay" because party "failed to provide any witness at trial who could corroborate the [reports'] figures or be available for cross-examination regarding [their content]"); *Denbury Onshore, LLC v. Christensen*, No. 14-CV-19-ABJ, 2015 WL 11023559, at *5 (D. Wyo. May 11, 2015) (as appraiser "has not been listed as a witness," appraisal report, "if offered on its own, is inadmissible under Rule 801(c)")..

that upon "receipt of the signed and notarized documents" he would then "in turn sign and forward a fully executed agreement with a completed W-9" to Transco.[22]

As such, Regec presented each of these Right-of-Way Documents to Transco as a settlement counteroffer. Federal Rule of Evidence 408(a) provides that "a statement made during compromise negotiations about the claim" "is not admissible – on behalf of any party – . . . either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." The Committee Notes on Rules—2006 Amendment further provide that "Rule 408 excludes compromise evidence even when a party seeks to admit its own settlement offer or statements made in settlement negotiations." As I described above, the Right-of-Way Documents are "statement[s Regec] made during compromise negotiations" and are therefore inadmissible. The Court grants this motion *in limine*.[23]

---

[22] ECF No. 259-1 Ex. C.

[23] *See Affiliated Mfrs. v. Aluminum Co. of Am.*, 56 F.3d 521, 528 (3d Cir. 1995) (affirming district court's exclusion of evidence reflecting "clear difference of opinion between the parties . . . concerning payment of two invoices," and clarifying that FRE 408 extended to pre-litigation talks); *Accurso v. Infra-Red Servs., Inc.*, No. CV 13-7509, 2016 WL 1273878, at *4 (E.D. Pa. Apr. 1, 2016) (motion to exclude "letter [that] clearly offer[ed] a resolution of the parties' dispute in exchange for certain specified action on the part of [counterparty]") granted under FRE 408); *Fed. Deposit Ins. Corp. v. WH Venture*, No. CIV.A. 84-5673, 1987 WL 14856, at *1 (E.D. Pa. July 29, 1987) (excluding pre-litigation settlement offer from evidence).

### 5. Property Development Documents and Testimony on Development Plans

With its final motion *in limine*, Transco seeks to exclude certain property development documents that Regec previously produced to Transco, as well as Regec's anticipated testimony on his plans to develop his property.

The documents at issue – which the Court will designate the "Development Documents" – are "a sketch plan regarding the Property that was created in 1994, a series of proposed development costs based on the sketch plan, and a series of 'model home' drawings."[24]  The testimony at issue – the "Development Testimony" – is testimony that, prior to Transco's taking, Regec could have developed his property into a residential subdivision encompassing 15 lots, and that thus Regec should receive damages for the lost opportunity to develop his property and ensuing damages.[25]  For the reasons expressed below, the Court grants this motion *in limine*.

### a. The Development Documents

As above with the Assisi Report and Blast Radius Documents, these documents are hearsay.  As Regec does not plan to introduce any expert witnesses at trial, the Development Documents are out-of-court documents.  And given the sole issue remaining at trial, Regec could only seek to offer these documents into

---

[24]  ECF No. 261 at 5; ECF No. 261-1 Ex. A at 130:20-131:1, 168:14-169:1.

[25]  ECF No. 261 at 13; ECF No. 261-1 Ex. A at 247:7-248:5.

evidence as truth of the matters asserted therein. Here, Regec would, presumably,

be using these documents to establish some facts about his property's development

potential, which would then bear on his property's fair market value. These

documents are then inadmissible.[26]

### b. The Development Testimony

In general, landowners testifying to the value of their own land fall within

the scope of Federal Rule of Evidence 702, which governs expert testimony.[27] But

a landowner's "qualification to testify does not change the 'market value' concept

and permit him to substitute a 'value to me' standard for the accepted rule, or to

establish a value based entirely on speculation."[28]

---

[26] *See Hayduk v. City of Johnstown*, No. CIV.A. 3:2005-294, 2009 WL 3335351, at *1 (W.D.
Pa. June 4, 2009) (court acknowledging plaintiff's acknowledgement that expert report was
not admissible because the expert wouldn't be called as a witness); *Edwards v. Wyatt*, No.
CIV.A.01-1333, 2004 WL 1576649, at *14 (E.D. Pa. July 14, 2004), *rev'd on other grounds*,
No. 04-3325, 2005 WL 1349531 (3d Cir. June 8, 2005) (information in reports was
"inadmissible as hearsay" because party "failed to provide any witness at trial who could
corroborate the [reports'] figures or be available for cross-examination regarding [their
content]"); *Denbury Onshore, LLC v. Christensen*, No. 14-CV-19-ABJ, 2015 WL 11023559,
at *5 (D. Wyo. May 11, 2015) (as appraiser "has not been listed as a witness," appraisal
report, "if offered on its own, is inadmissible under Rule 801(c)")..

[27] Fed. R. Evid. 702 Advisory Committee Notes ("Thus within the scope of the rule are not
only experts in the strictest sense of the word, e.g., physicians, physicists, and architects, but
also the large group sometimes called "skilled" witnesses, such as bankers or landowners
testifying to land values.").

[28] *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966); *see also D.C. Redevelopment
Land Agency v. Thirteen Parcels of Land in Squares 859, 912, 934 & 4068 in D.C.*, 534 F.2d
337, 340 (D.C. Cir. 1976) ("courts have excluded owners' testimony based on . . .
speculation as to business profits"); *United States v. An Easement & Right-of-way Over 6.09
Acres of Land, More or Less, in Madison Cty., Alabama*, 140 F. Supp. 3d 1218 (N.D. Ala.
2015) (testimony of party's witnesses regarding property value based on its development
value was too speculative to be admissible); *see generally U. S. ex rel. & for Use of
Tennessee Valley Auth. v. Powelson*, 319 U.S. 266, 275-76 (1943) (though fair market value
could reflect "that use to which [land] may be readily converted," the possibility of that use

Here, Regec doesn't have any experience developing residential

subdivisions.[29]  Nor does Regec have experience estimating development costs for

multi-lot residential subdivisions.[30]  Regec does not intend to call any expert

witnesses at trial.  And, as per above, Regec cannot introduce the Development

Documents in support, because they are hearsay.  Regec's testimony on his

development plans would, at bottom, constitute "value to me" testimony based on

Regec's own speculation.  This testimony is inadmissible.[31]

## B.    Regec's Motions *in Limine*

### 1.    Regec's Motion to Exclude Evidence on Whether Transco's Taking Caused Him Harm

Regec's first motion *in limine* targets evidence "that the loss of the 'Taking'

. . . was only subject to the area of Right of Way for the Pipeline."[32]  It is hard for

the Court to divine what Regec means by the above.  But (as the Court has

reminded the parties many times) this trial will confront the issue of how much just

---

coming about could not be "too remote and speculative to have any legitimate effect upon the valuation").

[29]    ECF No. 261-1 Ex. A at 174:24-175:1.

[30]    ECF No. 261-1 Ex. A at 170:7-175:1.

[31]    *See United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966); *see also Gochman v. Oakley*, 44 Fed. Appx. 652, 654 (5th Cir. 2002) (citations omitted) (refusing to permit testimony that, among other shortcomings, "did not even attest to the market value of the property ... but only as to the amount of its alleged diminution in value ... [and] offered no factual support for this assertion."); *Se. Supply Header, LLC v. 47.75 Acres*, No. 2:07-cv-216-KS-MTP, 2008 WL 553019, at *1 (S.D. Miss. Feb. 27, 2008) ("At a minimum, [landowner's testimony] must offer specific facts that translate into a reduced market value for the property.")

[32]    ECF No. 251 at 2.

compensation Regec will receive for Transco's taking.  Thus, the Court denies any

exclusion of evidence of just compensation: "the difference between the fair

market value of [Regec's] entire property interest immediately before the

condemnation and as unaffected by the condemnation and the fair market value of

the property interest remaining immediately after the condemnation and as affected

by the condemnation."  26 Pa. C.S. § 702(a) (defining "just compensation").[33]

Regec also seems to be trying to muddle the field of play with respect to

damages.  Regec argues that the easements on his property left "an unacceptable,

[s]evere[] and [u]nsatisfactory blot on title that would remain in perpetuity."[34]

Transco is free to counter this argument at trial—for two reasons.  First, if Regec is

referencing consequential damages, he can't recover them.[35]  Second, if Regec is

trying to argue that the easements hurt the subjective value to his property, Transco

is free to challenge that argument—"[l]oss to a property owner of nontransferable

---

[33]  *See also Tennessee Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237, 255 (3d Cir. 2019), *as amended* (July 25, 2019) (holding that Pennsylvania substantive law governs the "standard of measuring just compensation in condemnation proceedings by private entities acting under the authority of the [Natural Gas Act]"); *Condemnation of Permanent & Temp. Rights of Way for Transportation of Nat. Gas in Buffalo Twp. v. Nat'l Fuel Gas Supply Corp.*, No. 1093 C.D. 2017, 2018 WL 2945112, at *4 (Pa. Commw. Ct. June 13, 2018) (applying the above statute's standard in condemnation action).

[34]  ECF No. 251 at 3.

[35]  *See* 26 Pa. C.S. § 714 (defining consequential damages in a condemnation action as "damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access or injury to surface support, whether or not any property is taken"); *Benner v. Silvis*, 950 A.2d 990, 995 (2008) ("Consequential damages pursuant to Section 714 of the Eminent Domain Code are strictly limited by the language of the section . . .").

values deriving from his unique need for property or idiosyncratic attachment to it is treated as part of the burden of common citizenship, and is not generally compensated."[36] The Court denies Regec's attempt to exclude Transco's counterargument.

For the above reasons, the Court denies this motion.

### 2. Regec's Motions to Exclude "Evidence Concerning the Claimant's Character for Truthfulness and Honesty," "Opinion Testimony by Lay Witnesses Consisting of Legal Conclusions," "Allegations or Legal Theories" and "Personal Opinions" of Transco's Counsel

Regec's third motion *in limine* targets "legal conclusions including, *e.g.*, opinions regarding the fraudulent intent of [Transco], its agents, representatives, and employs or whether certain conduct constitutes fraud."[37] He doesn't provide any citations to the record or to the parties' briefs. But he mentions that "[t]hroughout depositions, [Transco's] Attorney attempted to elicit testimony from [him] that would consist of legal conclusions regarding intent and fraud."[38] Regec's fourth motion *in limine* targets "any evidence related to [his] previous allegations or legal theories that will not be at issue at trial." He doesn't provide any citations to the record or to the parties' briefs. He only gives vague references

---

[36] *Adelphia Cablevision Assocs. of Radnor, L.P. v. Univ. City Hous. Co.*, 755 A.2d 703, 713-14 (Pa. Super. Ct. 2000) (citing *U.S. v. 564.54 Acres of Land*, 441 U.S. 506, 512 (1979) (quotations omitted).

[37] ECF No. 251 at 5.

[38] ECF No. 251 at 5.

to "the effect of [Transco's] fraud on" him, a "cause of action under the False Claims Act," and "previous allegations related to tacit acquiescence."[39]  Regec's fifth motion *in limine* targets Transco's "arguing personal opinions at trial "concerning (among other things) [his] motivation or reasons for re-butting all presumptions, assumptions, not accepting any form of hearsay, not wavering any rights ever, excluding and not consenting to any contracts, and/or not consenting to tacit agreements within this case."  Again, Regec doesn't provide any citations to the record or to the parties' briefs.[40]

Each of these motions "encompass broad classes of evidence"—too broad for the Court to resolve before trial.  So the Court is going to defer them until trial. The Court denies these motions without prejudice.  Regec is free to reassert these motions with more specificity at trial—once Transco presents actual evidence that Regec thinks runs afoul of his claimed violations.[41]

In a related matter, Regec's second motion *in limine* targets "evidence or argument concerning the character for truthfulness or honesty of **any** individual." Regec gives "Indian Valley Appraisal Company, Mark Abissi, MAI, AI-GRS" as an example.[42]  Following the above reasoning, the Court denies Regec's second

---

[39]  ECF No. 251 at 6.

[40]  ECF No. 251 at 7.

[41]  *See Evolved Wireless, LLC v. Apple Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019) (defendant's "unspecified evidence" meant "deny without prejudice to reassertion");

[42]  ECF No. 251 at 4 (emphasis added).

motion with respect to "**any** individual," because it is too broad.  The Court

addresses Regec's specific argument with respect to the honesty or truthfulness of

Mark Abissi below.

### 3. Regec's Motion to Exclude Opinion Testimony Concerning Mark Abissi's Honesty or Truthfulness

Regec did not submit a pre-trial memorandum identifying witnesses he plans

to call at trial.  He indicated in his deposition that he plans to introduce the Abissi

Report that I discussed earlier.[43]  Regec argues that "Rule 404(a)(1) prohibits

[Transco] from eliciting opinion testimony concerning the honesty or truthfulness

of [Regec] or . . . Abissi . . . in order to demonstrate that [Regec] or . . . Abissi . . .

acted honestly or truthfully in his valuation of the 'Taking' or in connection with

[Regec]."[44]  As I discussed earlier, Regec won't be allowed to introduce the Abissi

Report at trial, because the report is hearsay.  This makes this aspect of Regec's

motion *in limine* moot.  The Court denies Regec's motion to exclude opinion

testimony concerning Mark Abissi's honesty or truthfulness.

### 4. Regec's Motions to Exclude Transco's "Counsel from Making Certain Irrelevant and Prejudicial Comments" and to Exclude Testimony from Three of Transco's "Purported Expert Witnesses"

The Court's July 23, 2019 Scheduling Order fixed the deadline for motions

*in limine* as September 23, 2019.  I noted that "[a]bsolutely no extensions of [this]

---

[43]   ECF No. 270-2 at 123:17-124:1.

[44]   ECF No. 251 at 4.

deadline will be granted."[45]  Regec followed through with this deadline for the first

five motions I list above.[46]  But on October 7, 2019, alongside his brief in

opposition of Transco's motions *in limine*, Regec filed two more motions to

exclude: (a) Transco's "counsel from making certain irrelevant and prejudicial

comments" and (b) testimony from three of Transco's "purported expert

witnesses."[47]  I deny these motions, with prejudice, as untimely.[48]

### C.    Regec's Additional Exhibits Submitted on October 28, 2019

On October 28, 2019, Regec added five exhibits to his exhibit list:

a) Exhibit C-9: A press release from NextEra Energy Partners, LP, "announc[ing their] definitive agreement to acquire Meade Pipeline Co LLC."

b) Exhibit C-10: An email chain that Regec labels "Negotiation Attempts Per Federal Rule of Civil Procedure 16."

c) Exhibit C-11: A "Commonwealth Of Pennsylvania, Pennsylvania Game Commission License for Right-of-Way," dated August 9, 2016.

d) Exhibit C-12: An assemblage of excerpts from news stories, legal filings, and an unspecified author's own comments on the NextEra-Meade transaction that the Exhibit C-9 press release discusses.

e) Exhibit C-13: The table of contents of a February 14, 2014 "Limited Liability Company Agreement" of Meade Pipeline Co LLC, as well as a February 14, 2014 "Construction and Ownership Agreement between

---

[45]  ECF No. 242.

[46]  *See* ECF No. 250.

[47]  *See* ECF No. 268 at 6-8.

[48]  *See Ogin v. Ahmed*, No. CIV.A. 03:06-CV-350, 2008 WL 5560881, at *2 (M.D. Pa. Apr. 24, 2008) (denying motion *in limine* as untimely); *Zwierlein v. Rouse*, No. 3:02CV1209, 2005 WL 6188633, at *1 (M.D. Pa. Sept. 13, 2005) (same).

Transcontinental Gas Pipe Line Company, LLC and Meade Pipeline Co LLC."

The Court has reviewed all five of these proposed exhibits. The Court concludes that none are admissible. Federal Rule of Evidence 408(a) bars Exhibits C-10 (Regec's settlement counteroffer) and C-11 (a document attached to Regec's settlement counteroffer). Exhibits C-9, C-12, and C-13 all relate to Meade Pipeline Co and its acquisition by NextEra Energy Partners. As the Court has explained above, the only remaining issue before the Court is the issue of how much just compensation Regec is entitled to receive for the taking of his land. Exhibits C-9, C-12, and C-13 are not relevant to this lone issue.

## IV. CONCLUSION

For all the reasons I have stated above, the Court concludes that:

- Transco's motions *in limine* are GRANTED.

- Regec's motion *in limine* to bar evidence on whether the taking that Transco performed caused Regec harm is DENIED.

- Regec's motions *in limine* to bar evidence on the "character for truthfulness and honesty" of Regec and other people and companies, "opinion testiony by witnesses consisting of legal conclusions," "allegations or legal theories not pursued by [Regec] at trial," and the "personal opinions" of Transco's counsel are DENIED without prejudice as overbroad and premature.

- Regec's motion *in limine* to bar opinion testimony Concerning Mark Abissi's honesty or truthfulness is DENIED as moot.

- Regec's motions *in limine* to "bar [Transco's] counsel from making certain irrelevant and prejudicial comments" and to exclude testimony from three of Transco's "purported expert witnesses" are DENIED as untimely.

- Exhibits C-8 through C-13, which Regec submitted for the Court's consideration on October 28, 2019, are INADMISSIBLE at trial.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge